UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JARVIS J. GRAYSON | § | C.A. NO. |
| | § | |
| VS. | § | |
| | § | |
| WOOD GROUP PSN, INC., | § | JURY TRIAL DEMANDED |
| FIELDWOOD ENERGY | § | |
| OFFSHORE LLC and | § | |
| M/V *Miss Dee, in rem* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Jarvis J. Grayson ("Plaintiff"), complaining of Defendants Wood Group PSN, Inc., Fieldwood Energy Offshore LLC, and M/V *Miss Dee, in rem,* and for cause of action, would respectfully show this Honorable Court as follows:

**I.  PARTIES**

1.1   Plaintiff Jarvis J. Grayson, is a U.S. citizen and resident of Louisiana.

1.2   Defendant Wood Group PSN, Inc. ("Wood Group"), is a Nevada corporation doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Corporation Service Company D.B.A. CSC - Lawyers

Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

 1.3 Defendant Fieldwood Energy Offshore LLC ("Fieldwood") is a foreign limited liability company with a principal place of business in this District, doing business in this District and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

 1.4 Defendant M/V *Miss Dee*, *in rem*, was at all times pertinent hereto a passenger vessel operating offshore in the Gulf of Mexico. The *in rem* claim is asserted against said vessel pursuant to Supplemental Rule C of the Supplemental Rules for Certain Admiralty & Maritime Claims, Federal Rules of Civil Procedure, and the maritime law of the United States.

## II.  JURISDICTION

 2.1 This case is brought under admiralty jurisdiction, 28 U.S.C. § 1333, the general maritime law, and also under other applicable laws, including the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C.A. § 1301, *et seq.*

## III.  VENUE

3.1     Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

3.2     Venue is proper in this OCSLA Action pursuant to 28 U.S.C. §1391, as Wood Group resides in this District.

## IV. FACTS

4.1     On or about April 25, 2014, Plaintiff was working as an A-Operator for Island Operating Company, and was injured while on the M/V *Miss Dee,* a vessel operating in navigable waters, as he was being transferred from the vessel via personnel basket to Fieldwood's platform offshore in the Gulf of Mexico. During this transfer, the crane operator, employed by Wood Group, imprudently lifted the personnel basket, jerking Plaintiff and causing him to fall to the deck of the vessel, which caused Plaintiff to sustain severe and disabling injuries.

## V.  CAUSE OF ACTION

### A.     NEGLIGENCE AND GROSS NEGLIGENCE

5.1     As stated above, on or about April 25, 2014, Plaintiff was caused to fall to the deck of the vessel during a personnel basket transfer.

5.2     MV *Miss Dee in rem* and its owners and/or operators are liable for the subject accident and Plaintiff's injuries and damages by reason of its negligence,

gross negligence, and/or conditions attributable to it, directly and/or vicariously, by and through the vessel and/or her agents, representatives and/or employees, in one or more of the following particulars:

    (a)    Failing to maintain adequate communication with the crane operator performing the personnel basket transfer, in order to signal when it was safe to lift the personnel basket;

    (b)    Failing to maintain control of taglines attached to the personnel basket to prevent the personnel basket from swinging into the railing of the vessel during the ill-fated personnel transfer;

    (c)    Other acts so deemed negligent, particulars to be shown at trial of this cause.

    5.3    Wood Group and/or Fieldwood are liable for the subject accident and Plaintiff's injuries and damages by reason of their negligence, gross negligence, and/or conditions attributable to it, directly and/or vicariously, by and through their agents, representatives and/or employees, including the crane operator, in one or more of the following particulars:

    (a)    Imprudently lifting the personnel basket;

    (b)    Failing to maintain adequate communication with the deckhand, signalman, or other member of the crew of the M/V *Miss Dee* to determine when it was safe and appropriate to lift the personnel basket from the deck of the vessel;

    (c)    Allowing an incompetent and reckless crane operator to operate the crane during the ill-fated personnel transfer, when they knew or should have known that he could not be trusted to operate the crane safely;

    (d)    Other acts so deemed negligent, particulars to be shown at trial of this cause.

5.4    As a result of Defendants' actions and/or inactions, Plaintiff has been caused to endure considerable pain and suffering, and as a result thereof, was obliged to obtain medical care and treatment, caused to lose time from his employment, and sustain the monetary and financial loss occasioned by said lost time from work.  Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging in his usual occupations, pastimes and pursuits which he would have engaged in but for the injury aforementioned.

5.5    Plaintiff would show that each of the foregoing, individually or collectively, constituted negligence, which was a proximate cause of his injuries and damages complained of herein.

5.6    In addition to the above negligent acts, Defendants acted willfully, and with malice, or recklessness, in doing the things alleged, and were grossly negligent in the aforementioned particulars.

5.7    Defendants had actual, subjective, awareness of the risks involved in this personnel basket transfer but nevertheless proceeded in conscious indifference to the rights, safety, and welfare of Plaintiff.

5.8    Plaintiff's injuries were not culminated by any contributing fault of his own, but solely the negligence and/or gross negligence of Defendants.

## VI.  DAMAGES (PECUNIARY AND NON-PECUNIARY)

6.1    As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his body.  In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for treatment; such expense is still continuing and he is unable to state the full amount thereof.

6.2    Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

    (a)    physical disability sustained by Plaintiff from the date of injury to the time of trial;

    (b)    future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

    (c)    physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

    (d)    physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

(e)  loss or earnings sustained by Plaintiff from the date of injury to time of trial;

(f)  loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

(g)  reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

(h)  reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

(i)  past and future physical disfigurement;

(j)  past and future physical impairment; and

(k)  punitive damages.

## VII. INTEREST

7.1  Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.  JURY DEMAND

8.1  Plaintiff demands a jury trial herein.

WHEREFORE, Plaintiff prays:

(a)  that process in due form of law according to the practice of this Honorable Court issue against Defendants summoning them to appear and answer, all and singular, the matters aforesaid;

(b)     that a judgment may be entered in favor of Plaintiff against Defendants, jointly and severally, for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages; attorney's fees; costs of suit; and

(c)     for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

                               Respectfully submitted,

                               */s/ Marc Evan Kutner*
                               Marc Evan Kutner
                               SBN 11770575 / SDTX ID 6238
                               401 Louisiana Street, 8th Floor
                               Houston, Texas 77002
                               Telephone: 713-653-5600
                               Facsimile: 713-653-5656
                               Email: mkutner@spaglaw.com

**OF COUNSEL**:

SPAGNOLETTI & CO.
Marcus R. Spagnoletti
SBN 24076708 / SDTX 1139660
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone: 713-653-5600
Facsimile: 713-653-5656
Email:     marcus@spaglaw.com

    ***Attorneys for Plaintiff***